390 So.2d 882 (1980)
Benny RICARD
v.
STATE of Louisiana.
No. 67456.
Supreme Court of Louisiana.
November 10, 1980.
*883 Dennis R. Whalen, Whalen & Theriot, Baton Rouge, for plaintiff-applicant.
Sera H. Russell, III, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendants-respondents.
MARCUS, Justice.
This is a suit by Benny Ricard brought pursuant to 42 U.S.C. § 1983 against the State of Louisiana, through the Department of Public Safety, Division of State Police, and Steve Jones, a state police trooper. Plaintiff alleges that he was pistol-whipped by a state trooper after he was apprehended for driving in excess of the speed limit and as a result he suffered lacerations of the head. He further claims that Jones was present at the time but took no action to stop or prevent the pistol-whipping. Plaintiff prayed for actual damages in the amount of $30,100, punitive damages in the sum of $50,000, attorney fees and costs. Defendants filed an exception of no cause or right of action and alternatively a motion for summary judgment directed to that portion of plaintiff's claim for punitive damages. The trial judge granted defendants' motion for partial summary judgment and dismissed plaintiff's claim for punitive damages, reserving to plaintiff the remaining claims asserted in his petition. The court of appeal affirmed.[1] On application of plaintiff, we granted certiorari to review the correctness of that decision.[2]
The narrow issue before us is whether punitive or exemplary damages may be awarded in a suit brought under 42 U.S.C. § 1983 in our state courts. We think not.
42 U.S.C. § 1983, derived from § 1 of the Civil Rights Act of 1871 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
Absent congressional intent to vest exclusive jurisdiction of federal claims in federal courts, state courts have concurrent jurisdiction to enforce rights under federal statutes. Since jurisdiction over *884 suits brought under § 1983 has not been restricted to federal courts, an action thereunder may also be maintained in a state court. Rzeznik v. Chief of Police of Southampton, 374 Mass. 475, 373 N.E.2d 1128 (Sup.Jud.Ct.Mass.1978); Brody v. Leamy, 90 Misc.2d 1, 393 N.Y.S.2d 243 (1977); Terry v. Kolski, 78 Wis.2d 475, 254 N.W.2d 704 (1977); Clark v. Bond Stores, Inc., 41 A.D.2d 620, 340 N.Y.S.2d 847 (1973); Dudley v. Bell, 50 Mich.App. 678, 213 N.W.2d 805 (1973); Lakewood Homes, Inc. v. Board of Adjustment, 52 Ohio Op.2d 213, 23 Ohio Misc. 211, 258 N.E.2d 470 (1970), aff'd. in part and rev'd. in part, 25 Ohio App.2d 125, 267 N.E.2d 595 (1971). In enacting § 1983, Congress did not address the question of the type of damages which should be awarded when a citizen's constitutional rights are violated by a state official nor has the United States Supreme Court ever awarded punitive damages for a § 1983 violation. On the other hand, it is clear that our state's general statutory provision on damages, La. Civ.Code art. 1934, has been judicially construed to imply that punitive or exemplary damages are not allowed in this state. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Fowler v. Western Union Tel. Co., 357 So.2d 1305 (La.App.3d Cir.), writ denied, 359 So.2d 196 (1978); Fassitt v. United T.V. Rental, Inc., 297 So.2d 283 (La.App. 4th Cir. 1974); Boutte v. Hargrove, 277 So.2d 757 (La.App. 4th Cir.), writ denied, 281 So.2d 744 (1973), affirmed, 290 So.2d 319 (La.1974). See also Baggett v. Richardson, 473 F.2d 863 (5th Cir. 1973); Fagot v. Ciravola, 445 F.Supp. 342 (E.D.La.1978).
In Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court, while recognizing that Congress did not address directly the question of damages in enacting § 1983, stated:
To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages.
435 U.S. at 256-57, 98 S.Ct. at 1048. However, in a footnote following this declaration, the Court noted that several lower courts had awarded punitive damages in § 1983 cases with the specific purpose of deterring or punishing violations of constitutional rights. Plaintiff contends that this footnote expresses approval by the Court of the award of punitive damages in § 1983 controversies. We disagree. In the same footnote, the Court also stated:
Although we imply no approval or disapproval of any of these cases, we note that there is no basis for such an award in this case.
435 U.S. at 257, n. 11, 98 S.Ct. at 1049, n. 11. We consider the statement in the text of the opinion to be a more authoritative expression of the Court regarding the type of damages to be awarded for violations under § 1983.
Plaintiff further argues that in the recent decision of Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Supreme Court approved the award of punitive damages for violations of a citizen's constitutional rights. Carlson is clearly distinguishable from the instant case. Carlson is a Bivens suit in which plaintiff was requesting relief for violation of his constitutional rights by federal officials under a judicially-created remedy while plaintiff in the instant case brought a § 1983 action for damages for alleged violations by state officials pursuant to a federal statute. Our reading of Carlson brings us to the conclusion that the Supreme Court did not address nor decide the question of whether punitive damages would be awarded in a Bivens suit. 100 S.Ct. at 1473. Moreover, we consider the Court's statement implying that punitive damages are available in a proper § 1983 action, citing Carey v. Piphus, supra, 435 U.S. at 257, n. 11, 98 S.Ct. at 1049, n. 11, as dicta and neither controlling nor persuasive in our instant decision. We prefer to follow those statements made in the text of the Carey opinion finding compensatory damages to be an adequate remedy for a § 1983 violation.
*885 Moreover, we are of the opinion that an application of our state law is proper in determining the availability of damages for a § 1983 violation when the suit is brought in our state court system; therefore, our statutory provision on damages, La.Civ. Code art. 1934, as judicially construed, requires a denial of punitive or exemplary damages. Although § 1983 has no remedial provisions, 42 U.S.C. § 1988, a companion to §§ 1983, 1985 and 1986, provides that in the areas where federal law is unsuited or deficient in the provisions necessary to furnish suitable remedies or punish offenses against the law, a court must turn to the common law as modified and changed by the constitution and statutes of the forum state, as long as these are not inconsistent with the constitution and laws of the United States. In absence of remedial provisions in § 1983, we should draw upon state substantive law to fashion an appropriate remedy for civil rights violations as long as it is not inconsistent with the constitution and laws of the United States.
In Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), in a § 1983 suit brought in the federal district court in Louisiana, the Supreme Court was confronted with the issue of whether an executor could be substituted when plaintiff died, leaving no surviving parents, wife, children or siblings, or whether the action must be dismissed on the ground of abatement. The Court, relying on § 1988, discerned a deficiency in federal law to the extent that it was silent on the issue of the survival of a § 1983 action. The Court applied state law, finding nothing in the statute or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of absolute survivorship. The Court noted:
A state statute cannot be considered "inconsistent" with federal law merely because the statute causes the plaintiff to lose the litigation.... [§ 1988] quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby.
436 U.S. at 593, 98 S.Ct. at 1997. In Carey, the Court recognized that § 1988 authorizes courts to look at the law of the states where this is necessary to furnish suitable remedies under § 1983. 435 U.S. at 258, n. 13, 98 S.Ct. at 1049, n. 13. And recently in Carlson, the Court noted that contra to a Bivens suit, it would make sense to allow aspects of § 1983 litigation to vary according to the laws of the states under whose authority § 1983 defendants work. 100 S.Ct. at 1475, n. 11.[3] Although § 1988 is directed to federal district courts, it provides, by analogy, even greater justification for a state court to apply state law when the federal cause of action is adjudicated in the state court system. See, e. g., Dudley v. Bell, supra. (Relying upon § 1988, a Michigan state appeals court applied state law on the issue of vicarious liability resulting in the dismissal of a § 1983 action against a sheriff for the acts of his deputies.) Thus, we find that La.Civ.Code art. 1934(3), as judicially construed, is the correct law to be applied in the award of damages in a § 1983 action filed in the state court.
Moreover, we consider that the award of compensatory damages will allow full and complete recovery to an injured party alleging deprivation of civil rights. Our statutory provision on damages has been broadly construed to include such items as physical and mental pain and suffering, loss of wages, permanent disfigurements and disabilities and actual medical and related expenses. La.Civ.Code art. 1934(3); Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); Reeves v. Louisiana and Arkansas Railway Co., 304 So.2d 370 (La.App. 1st Cir. 1974); *886 Barrois v. Service Drayage Co., 250 So.2d 135 (La.App. 4th Cir. 1971). See also Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979). Thus, there is no need to introduce punitive damages into our state substantive law. Clearly, an award of compensatory damages will serve the same deterrent purpose as an award of punitive damages.
In sum, we conclude, as did the courts below, that punitive or exemplary damages may not be awarded in a suit brought under 42 U.S.C. § 1983 in our state courts. Hence, the granting of defendants' partial summary judgment directed to that portion of plaintiff's claim for punitive damages was correct.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
NOTES
[1] 382 So.2d 190 (La.App. 1st Cir. 1980).
[2] 385 So.2d 785 (La.1980).
[3] The Court recognized that § 1988 did not apply to the judicially-created Bivens action and should not by analogy since Bivens defendants are federal officials brought into federal court for violating the federal constitution. No state interests are implicated by applying purely federal law to them. On the other hand, state interests are inherent in a § 1983 suit since it is an action against a state official in a state court for the violation of constitutional rights within the jurisdiction of that court.