SCHOTT, Judge,
concurring:
I am not convinced that there was no violation of 42 U.S.C. § 1983. Where police *956 officers are making a valid arrest they may be subject to a claim for damages under the statute if they use unreasonable or excessive force on the subject. See footnote 1 in Bellows v. Dainack, 555 F.2d 1105 (2d Cir. 1977).
There was a good reason for these plaintiffs to bring their action in the state court even though they precluded themselves from recovering punitive damages by so doing under Ricard v. State, 390 So.2d 882 (La.1980). Their election to proceed in state court made it possible for them to hold the City of New Orleans vicariously liable for the torts of the policemen; whereas, had they proceeded in federal court with a pure § 1983 action the city could not have been held liable. Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
The same measure of damages applies to a claim under § 1983 or LSA C.C. art. 2315. Plaintiffs are entitled to compensatory damages in either case. These plaintiffs are entitled to damages for humiliation and embarrassment or mental anguish and for some minor physical suffering. They also produced some evidence of damage to their property resulting from the unreasonable conduct of the policemen but without any specificity as to amounts. The evidence does not support the awards of $4,000 to each and they constituted an abuse of the jury’s discretion. The awards of $1,250 to each are the highest amounts reasonably within the discretion of the jury. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977).