610 So.2d 87 (1992)
Joel Robert WITMER, Appellant,
v.
UNIVERSITY OF FLORIDA POLICE DEPARTMENT, John Meade, Everett S. Stevens, and Jerry Scohier, Appellees.
No. 91-2959.
District Court of Appeal of Florida, First District.
December 14, 1992.
Joel Robert Witmer, pro se.
R. Franklin Ritch of Ritch & Graves, Gainesville, for appellees.
WIGGINTON, Judge.
Joel Robert Witmer brings this appeal from the trial court's dismissal, with prejudice, of his complaint. We affirm in part and reverse in part.
On March 1, 1991, Witmer filed a complaint against the University of Florida Police Department and several of its officers, including the chief, individually and in their official capacities for action taken on or around September 30, 1987, and thereafter. In paragraph one of the complaint, Witmer describes the cause of action as a civil rights suit brought under Title 42 U.S.C. section 1983. Purportedly, Counts I and II of the complaint reflect the 1983 action by alleging that the defendants denied Witmer his "rights of privacy and freedom of expression, and his due process and equal protection rights, as guaranteed by the First and Fourteenth Amendments to the Constitution," based on the actions of defendants Meade, Scohier and Stevens in fabricating false police reports and filing charges against Witmer having no basis in either fact or law.
Additionally, Count III alleges that defendant Scohier converted property belonging to Witmer; Count IV alleges defendant Meade maliciously prosecuted Witmer by filing false police reports; and Count V alleges that defendants Stevens, Scohier and Meade conspired and confederated to file false police reports to thereby maliciously prosecute Witmer.
Appellees filed a motion to dismiss arguing variously that (1) Witmer failed to comply with the notice requirements in section 768.28, Florida Statutes (1989); (2) state courts do not have jurisdiction to entertain *88 a civil rights action under 42 U.S.C. section 1983; and (3) the state has not waived common law immunity against civil rights actions filed in state courts. The trial court granted the motion to dismiss without specifying grounds therefor. Following a motion for rehearing and clarification filed by Witmer, the court entered an order cancelling a case management conference set for this cause and directed the clerk to close the file.
Initially, we affirm the order of dismissal to the extent it dismisses the section 1983 action against the state and its officers sued in their official capacity. "[N]either a State nor its officers acting in their official capacities are `persons' under section 1983." See Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).
However, we reverse the order to the extent it dismisses all counts of the cause of action against the defendant police officers in their individual capacities. In Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), "the United States Supreme Court ruled that a state notice-of-claim statute that effectively shortened the statute of limitations and imposed an exhaustion requirement on claims against public agencies and employees was preempted insofar as it applied to 42 U.S.C. section 1983 actions." See Brooks, By and Through McCook v. Elliott, 593 So.2d 1209, 1210 (Fla. 5th DCA 1992).
Similarly, insofar as the complaint in Counts III-V alleges that the defendant officers acted intentionally and with malicious purpose, it stated a cause of action against those defendants individually, for which section 768.28(6) does not require a written claim upon the state or its agencies. See Hansen v. State, 503 So.2d 1324 (Fla. 1st DCA 1987); West v. Wainwright, 380 So.2d 1338 (Fla. 1st DCA 1980).
Accordingly, the order appealed is AFFIRMED IN PART, REVERSED IN PART, and the cause is REMANDED for further proceedings.
ALLEN and WEBSTER, JJ., concur.