637 So.2d 91 (1994)
H.M. BOOZE
v.
CITY OF ALEXANDRIA, et al.
No. 94-CC-0763.
Supreme Court of Louisiana.
April 4, 1994.
PER CURIAM.[*]
This application presents the narrow issue of whether punitive damages are recoverable in a 42 U.S.C. § 1983 suit brought in a Louisiana state court. In an amended petition filed in his § 1983 suit against the City of Alexandria for the death of a prison inmate in the city's jail, plaintiff asserted a right to the recovery of punitive damages.
Defendant filed an "exception of no cause of action/motion to strike", arguing plaintiffs could not recover such damages in a § 1983 action filed in a Louisiana state court. The trial court denied the exception and motion to strike. Defendant applied for a writ of certiorari, and the third circuit court of appeal reversed, based on this court's pronouncement in Ricard v. State, 390 So.2d 882 (La.1980) holding that punitive damages could not be recovered in a § 1983 action filed in state court. We now reverse the court of appeal and reinstate the ruling of the trial court.
The decision in Ricard was based in large part on the fact that the United States Supreme Court, at the time that case was decided in 1980, had not directly addressed the *92 issue of whether punitive damages were recoverable in a § 1983 action. Subsequent to this court's decision in Ricard, however, the United States Supreme Court was directly confronted with the issue in Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), wherein the Court held that punitive damages were recoverable under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith, 461 U.S. at 56, 103 S.Ct. at 1640.
In light of Smith, we now overrule Ricard to this extent and hold that punitive damages are indeed recoverable in a suit filed in a Louisiana state court alleging a violation of 42 U.S.C. § 1983. We therefore reverse the ruling of the court of appeal, reinstate the ruling of the trial court, and remand the case for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HALL, J., would grant the writ and docket for briefing, argument and a full, authored opinion.
NOTES
[*] Dennis, J., not on panel.