733 So.2d 1103 (1999)
Frank SANCHEZ, individually, and Ken Jenne, as Sheriff of Broward County, Florida, Petitioners,
v.
John S. DEGORIA, Respondent.
No. 98-3156.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
*1104 Nicholas Sadaka of Adorno & Zeder, P.A., Fort Lauderdale, for petitioners.
Hugh L. Koerner of Hugh L. Koerner, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
In this petition for writ of certiorari, Frank Sanchez, in his individual capacity, and Ken Jenne, as Sheriff of Broward County, seek to quash the lower court's order denying their motion to strike Respondent John S. Degoria's punitive damages claim based on respondent's failure to seek prior leave of court before pleading such a claim.
Degoria filed a complaint against the petitioners in Broward Circuit Court for false arrest, false imprisonment, malicious prosecution, and federal civil rights violations under 42 U.S.C. § 1983. He sought compensatory and punitive damages arising from petitioner Sanchez's arrest of Degoria at a DUI checkpoint, despite Degoria's contention that he was neither intoxicated nor under the influence of any controlled substance. Degoria's complaint sought punitive damages for the federal civil rights violations but not for the state law violations.
The petitioners filed an answer and affirmative defenses, and, later, moved to strike the punitive damages claim for failure to comply with the procedural requirements of section 768.72, Florida Statutes. Specifically, the motion alleged that Degoria failed to obtain leave of court prior to pleading a claim for punitive damages in his complaint. In response, Degoria argued that he was not required to comply with section 768.72, insofar as he was alleging a violation of federal law under 42 U.S.C. § 1983. He contended that one need only comply with section 768.72 when pleading state law claims. The trial court agreed and denied the motion to strike. Petitioners then filed this petition for writ of certiorari. For the reasons stated below, we deny the petition, finding that the lower court did not depart from the essential requirements of law in concluding that Degoria was not required to seek leave of court prior to pleading a punitive damages claim for the alleged § 1983 violation.
Initially, we note that this court has certiorari jurisdiction to review the order at issue. See Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106, 110 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla. 1994) (to allow a punitive damages claim to proceed without trial court's prior approval would be to expose defendant to a claim for extraordinary damages, for which there is no adequate remedy on final appeal).
Section 768.72, Florida Statutes, provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
In his response to the petition for writ of certiorari, Degoria argues that he was not required to comply with this statute since he sought punitive damages for a federal section 1983 violation rather than for violations *1105 of state law. He notes that Counts III and IV of his complaint, which set forth his state law claims, did not seek punitive damages.
The question whether one must comply with section 768.72 prior to pleading a punitive damages claim for a section 1983 violation appears to be one of first impression in the Florida state courts. In federal court actions involving both section 1983 and pendent state law claims, the federal district courts are split as to whether section 768.72 is substantive or procedural, whether this statute conflicts with the pleading requirements of the federal rules of procedure, and whether the federal courts must apply this statute. See, e.g., Meade v. Prison Health Servs., Inc., No. 94:854-CIV-T-117B, 1995 WL 350207 (M.D.Fla. June 8, 1995)(§ 768.72 is inapplicable to § 1983 claims); Brennan v. City of Minneola, 723 F.Supp. 1442 (M.D.Fla. 1989)(same). But see Fletcher v. State of Florida, 858 F.Supp. 169, 173 (M.D.Fla.1994)(applying § 768.72 to § 1983 claim). See also Maynard, "Pleading Punitive Damages in Federal Court: Must One Comply with F.S. § 768.72?," 72 Fla. Bar J. 48 (May 1998). With respect to the procedural/substantive distinction, the Florida Supreme Court has stated that the procedural requirements of section 768.72 "create[] a substantive legal right not to be subjected to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996) (emphasis added).
The statute itself provides no guidance as to whether it applies to federal claims. On its face, it applies to "any civil action" and makes no distinction between state law and federal law claims. Section 768.71(1) provides: "Except as otherwise specifically provided, this part applies to any action for damages, whether in tort or in contract."
Degoria argues that 42 U.S.C. § 1988 allows for injunctive relief, compensatory and punitive damages, and attorney's fees for section 1983 violations, and that section 768.72 has no application to section 1983 claims. He relies upon a series of federal decisions holding that federal law governs the determination of damages under the federal civil rights statutes, and that punitive damages are recoverable under section 1983, even where they would not be recoverable under the local law of the state where the violation occurred. He cites, inter alia, Gordon v. Norman, 788 F.2d 1194, 1199 (6th Cir.1986) and McCulloch v. Glasgow, 620 F.2d 47, 51 (5th Cir.1980). Accord Chavez v. Keat, 34 Cal.App.4th 1406, 41 Cal.Rptr.2d 72 (1995), cert. denied, 516 U.S. 1115, 116 S.Ct. 918, 133 L.Ed.2d 848 (1996) (state rule requiring that plaintiff present evidence of defendant's financial condition if punitive damages are to be awarded is rule of substantive law inapplicable to plaintiffs section 1983 claim brought in state court); Booze v. City of Alexandria, 637 So.2d 91 (La. 1994) (punitive damages are recoverable for section 1983 claims brought in state court, despite state law to the contrary).
Degoria equates Florida's punitive damages statute to Wisconsin's notice-of-claim statute, which was held to be preempted by section 1983 in Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). See also Witmer v. University of Florida Police Dep't., 610 So.2d 87 (Fla. 1st DCA 1992) (state notice-of-claim statute, § 768.28(6), Florida Statutes, that effectively shortened statute of limitations and imposed exhaustion requirement on claims against public entities was preempted insofar as it applied to section 1983 actions) (citing Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)).
In their reply, petitioners argue that under Howlett, "[a] State may adopt neutral procedural rules to discourage frivolous litigation of all kinds, as long as those rules are not pre-empted by a valid federal *1106 law." Howlett, 496 U.S. at 380, 110 S.Ct. 2430. Thus, they contend that Howlett supports the application of section 768.72 to section 1983 claims brought in Florida state court. Felder, they claim, is distinguishable.
In Howlett, the United States Supreme Court reversed the decision of the Second District Court of Appeal of Florida, Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA), rev. denied, 545 So.2d 1367 (Fla.1989), which had held that Florida's waiver of statutory immunity effectuated by section 768.28, Florida Statutes (1985), did not extend to section 1983 claims. The Supreme Court held that the Florida court's refusal to entertain the section 1983 claim violated the supremacy clause. In so holding, the Court stated:
A State may adopt neutral procedural rules to discourage frivolous litigation of all kinds, as long as those rules are not pre-empted by a valid federal law. A State may not, however, relieve congestion in its courts by declaring a whole category of federal claims to be frivolous. Until it has been proved that the claim has no merit, that judgment is not up to the States to make.
Id. at 380, 110 S.Ct. 2430.
Degoria relies on the following language from Howlett:
To the extent that the Florida law of sovereign immunity reflects a substantive disagreement with the extent to which governmental entities should be held liable for their constitutional violations, that disagreement cannot override the dictates of federal law.
Id. at 377-378, 110 S.Ct. 2430.
More on point, however, is the Supreme Court's earlier decision in Felder v. Casey, supra. In Felder, as in the instant case, the state defendants argued that the state statute at issue did not unduly burden the exercise of any federal right under section 1983; rather, the statute merely required a plaintiff pursuing a section 1983 claim, prior to filing suit against a governmental entity in state court, to notify the defendant of the claim within 120 days of the alleged injury. The defendant, by statute, then had 120 days to grant or deny relief, and the plaintiff was required to bring suit within six months of receiving notice of the denial of relief. See 487 U.S. at 136-137, 108 S.Ct. 2302. The Supreme Court held that Wisconsin's notice-of-claim statute was preempted by section 1983 because the state statute conflicted in both purpose and effect with the federal statute, and because its application would produce different outcomes in section 1983 litigation depending on whether the claim was brought in state or federal court. Id. at 138, 108 S.Ct. 2302.
The petitioners herein posit the same type of argument that was rejected by the Supreme Court in Felder. They argue that the trial court invaded the province of the legislature and violated a substantive right created by section 768.72the right to make a preliminary assessment of the efficacy of a punitive damages claim before it is pled against a defendant. Additionally, they argue that to allow the assertion of punitive damages under section 1983 without first requiring compliance with section 768.72 would "open[] the `floodgates' to meritless ... § 1983 punitive damages claims in the already burdened state courts." In Felder, the Wisconsin Supreme Court had concluded, in a similar fashion:
Requiring compliance with the notice-of-claim statute ... does not frustrate the remedial and deterrent purposes of the federal civil rights laws because the statute neither limits the amount a plaintiff may recover for violation of his or her civil rights, nor precludes the possibility of such recovery altogether. Rather,... the notice requirement advances the State's legitimate interests in protecting against stale or fraudulent claims, facilitating prompt settlement of valid claims, and identifying and correcting inappropriate *1107 conduct by governmental employees and officials.
487 U.S. at 137, 108 S.Ct. 2302.
The United States Supreme Court, while finding these goals laudable, nevertheless concluded that "State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right." Id. at 152, 108 S.Ct. 2302. The Court held that application of the Wisconsin statute burdened the exercise of a federal right by forcing civil rights plaintiffs seeking redress in state court to comply with a requirement wholly absent in federal court. Id. at 141, 108 S.Ct. 2302. Specifically, "the [state] statute confers on governmental defendants an affirmative defense that obligates the plaintiff to demonstrate compliance with the notice requirement before he or she may recover at all, a showing altogether unnecessary when such an action is brought in federal court." Id. at 144, 108 S.Ct. 2302.
Moreover, the Court observed, the notice-of-claim statute is imposed only upon a specific class of plaintiffsthose suing governmental defendantsthe very class of defendants against whom a section 1983 action is brought. As such, the Court stated:
the notice-of-claim provision ... is firmly rooted in policies very much related to, and to a large extent directly contrary to, the substantive cause of action provided those plaintiffs. This defendant-specific focus of the notice requirement serves to distinguish it, rather starkly, from rules uniformly applicable to all suits, such as rules governing service of process or substitution of parties, which respondents cite as examples of procedural requirements that penalize noncompliance through dismissal.
Id. at 145, 108 S.Ct. 2302.
Although there are appreciable differences between Florida's punitive damages statute and the Wisconsin notice-of-claim statute that make the former statute less burdensome on the assertion of federal rights than the latter, the language in Felder, nevertheless, strongly indicates that section 768.72 is, in fact, inapplicable to section 1983 claims and that a plaintiff need not comply with section 768.72 prior to pleading a punitive damages claim for an alleged section 1983 violation. First, Florida's statute requires the section 1983 plaintiff to comply with a requirement that is wholly absent from section 1983 litigation in federal court. Id. at 141, 108 S.Ct. 2302. Second, compliance with section 768.72 is a "condition precedent to recovery." Id. at 144, 108 S.Ct. 2302. Third, the plaintiff's failure to comply with section 768.72 essentially provides the defendant with an affirmative defense, in that failure to seek leave to plead a punitive damages claim requires the striking or dismissal of the claim. See id. Felder clearly provides that a state's authority to prescribe the rules and procedures governing suits in its courts "does not extend so far as to permit States to place conditions on the vindication of a federal right." Id. at 147, 108 S.Ct. 2302. See also id. at 152, 108 S.Ct. 2302 (the state statute is more than a mere rule of procedure because it is a substantive condition on the right to sue). "[T]o the extent the [requirements of § 768.72 are] designed to sift out `specious claims' from the stream of complaints that can inundate [the courts], such a policy [is] inconsistent with the aims of the federal legislation." Id. at 149, 108 S.Ct. 2302.
Based upon the foregoing, we determine that the trial court did not depart from the essential requirements of law in concluding that Degoria did not have to comply with section 768.72 before pleading a punitive damages claim for the alleged section 1983 violation. Accordingly, we deny the petition for writ of certiorari.
PETITION DENIED.
POLEN, TAYLOR and HAZOURI, JJ., concur.