778 So.2d 1094 (2001)
Jerome S. SLOAN, Petitioner,
v.
Chris TOLER, individually, and the Town of Surfside, a Florida Municipal corporation, Respondents.
No. 3D00-3130.
District Court of Appeal of Florida, Third District.
March 14, 2001.
Hugh L. Koerner, Fort Lauderdale, for petitioner.
Conroy, Simberg & Ganon, P.A., and Stuart B. Yanofsky, Fort Lauderdale, for respondents.
Before COPE, LEVY and GERSTEN, JJ.
COPE, J.
Jerome S. Sloan by this petition for writ of certiorari challenges the striking of his punitive damages claim from his civil right count filed under 42 U.S.C. § 1983. We deny the petition.

I.
Petitioner-plaintiff Sloan brought suit against police officer Chris Toler and the Town of Surfside, alleging in substance that he had been wrongly arrested. Count one of the complaint was a civil rights claim against Officer Toler, alleging a civil rights violation under 42 U.S.C. § 1983. In that count, plaintiff included a claim for punitive damages. The remaining counts were state law claims in which plaintiff did not (at this time) request punitive damages.
Respondents-defendants moved to strike the punitive damages claim from the section 1983 count. Defendants argued that the plaintiff had not yet made the factual *1095 showing required by section 768.72, Florida Statutes (1999), in order to allow a punitive damages claim. The trial court agreed, and struck the punitive damages claim. Plaintiff has petitioned for a writ of certiorari, contending that the trial court ruling departs from the essential requirements of law.

II.
We conclude first that certiorari review is not available at the instance of a plaintiff where, as here, the trial court has stricken the plaintiffs claim for punitive damages. That is so because the plaintiff has an adequate remedy by way of appeal at the conclusion of the case.
Subsection 768.72(1), Florida Statutes (1999), provides:
(1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
The statute creates for defendants "a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995) (emphasis added). If the defendant is wrongly subjected to discovery of otherwise confidential financial information, the cat is out of the bag and appeal at the conclusion of the case will not provide an adequate remedy. Id. at 520 ("a plenary appeal cannot restore a defendant's statutory right under section 768.72 to be free of punitive damages allegations in a complaint until there is a reasonable showing by evidence in the record or proffered by the claimant.").
A plaintiff, by contrast, does not have a corresponding right to certiorari review in this context. If the trial court erroneously strikes the plaintiffs punitive damages claim on account of section 768.72, the trial court's ruling does not result in the disclosure of any protected confidential information. If the trial court erroneously prohibits a punitive damages claim, the plaintiff may obtain relief by way of appeal at the conclusion of the case. See Kenet v. Bailey, 679 So.2d 348, 351 (Fla. 3d DCA 1996) (reversing for trial on punitive damages).
Plaintiff contends that because section 1983 is a federal cause of action, section 1983 overrides Florida procedural rules and this court must entertain plaintiffs petition for certiorari at this time. We do not agree that section 1983 preempts state procedural rules. The United States Supreme Court rejected that argument in Johnson v. Fankell, 520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997).
In Johnson the plaintiff brought a section 1983 claim in Idaho state court. After the trial court denied defendants' motion to dismiss on the ground that they were entitled to qualified immunity, the defendants appealed. The appellate court dismissed the appeal because Idaho appellate rules did not allow an interlocutory appeal of that ruling. Id. at 913-14, 117 S.Ct. 1800. If, however, the same action had been brought in federal court, the defendants would have had a right to take an immediate appeal. Id. at 915, 117 S.Ct. 1800. Defendants contended that section 1983 preempted Idaho's procedural rules and that Idaho had to provide the same appellate remedy that would have been available to the plaintiff had he filed suit in federal court.
The United States Supreme Court rejected the defendants' claim that the state *1096 appellate rules were preempted by section 1983. The Court said:
[O]ur normal presumption against preemption is buttressed by the fact that the Idaho Supreme Court's dismissal of the appeal rested squarely on a neutral state Rule regarding the administration of the state courts. As we explained in Howlett v. Rose, 496 U.S. 356, 372, 110 S.Ct. 2430, 2440-2441, 110 L.Ed.2d 332 (1990):
"When a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts, we must act with utmost caution before deciding that it is obligated to entertain the claim. The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented. The general rule, `bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them.' The States thus have great latitude to establish the structure and jurisdiction of their own courts."
Johnson, 520 U.S. at 918-19, 117 S.Ct. 1800 (citations omitted; emphasis added). "Absent evidence that [Idaho] Appellate Rule 11(a)(1) discriminates against interlocutory appeals of § 1983 qualified immunity determinations by defendantsas compared with other types of appealswe must deem the state procedure neutral." Id. at 918 n. 9, 117 S.Ct. 1800.
That holding is squarely on point here. It is a bedrock principle of Florida law that certiorari will not lie to review an interlocutory order where the petitioner has an adequate remedy by way of appeal at the conclusion of the case. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987); Brooks v. Owens, 97 So.2d 693, 695 (Fla.1957); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 545 (1942). That is "a neutral state Rule regarding the administration of the state courts." Johnson, 520 U.S. at 918, 117 S.Ct. 1800. Certiorari is not available to plaintiff at this time because he has an adequate remedy by appeal at the conclusion of the case.

III.
Because plaintiff has an adequate remedy by appeal, we need not address whether the trial court order departed from the essential requirements of law. We note that plaintiff relies on Sanchez v. Degoria, 733 So.2d 1103 (Fla. 4th DCA 1999), which holds that 42 U.S.C. § 1983 preempts section 768.72, Florida Statutes. While we need not decide the point now, we doubt the correctness of Sanchez, for the Supreme Court has made clear that section 1983 does not preempt neutral procedural rules of the state courts. Johnson, 520 U.S. at 919, 117 S.Ct. 1800; Howlett, 496 U.S. at 372, 110 S.Ct. 2430. The Sanchez decision relied on Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), but that case involved a shortened statute of limitations, not a procedural rule.

IV.
For the stated reasons, certiorari is denied.