566 So.2d 133 (1990)
Senoria G. MATTHEWS
v.
Dr. Ward TURNER, et al.
No. 89-CA-514.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1990.
Rehearing Denied September 25, 1990.
Ambrose K. Ramsey, III, Carruth, Cooper and Adams, Baton Rouge, for defendants-appellants.
Daniel E. Becnel, Jr., Caroline Norton, Reserve, for plaintiff-appellee.
Before BOWES, GAUDIN and GOTHARD, JJ.
GAUDIN, Judge.
This is a quantum only case. Liability and medical negligence were stipulated in the tragic death of 18-year-old Sabrina Matthews on June 1, 1986. Sabrina died of acute suppurative appendicitis, which was wrongfully diagnosed as a urinary tract infection.
Sabrina's mother, Mrs. Senoria G. Matthews, was awarded $404,745.45 by a jury in the 23rd Judicial District Court. The primary defendant, the Louisiana Patient's Compensation Fund, argues on appeal that this award is excessive.
*134 For the following reasons, we reduce the award to Mrs. Matthews for Sabrina's physical pain and mental suffering from $200,000.00 to $50,000.00. In all other respects, we affirm the district court judgment.
The award to Mrs. Matthews was itemized by the jury as follows:
(A) $100,000.00, Sabrina's pain and suffering prior to death;
(B) $100,000.00, Sabrina's mental pain and suffering prior to death;
(C) $150,000.00, loss of love and affection;
(D) $50,000.00, mental anguish due to witnessing Sabrina's demise and death;
(E) $4,745.45, funeral expenses.
Prior to trial, the attending physician's insurance company, admitting negligence, paid $100,000.00 to Mrs. Matthews. It was stipulated that the compensation fund be given credit for this sum, thus reducing the jury award to Mrs. Matthews to $304,745.45.
Although negligence was not contested, it is necessary that we review the facts and circumstances of Sabrina's death.
On the evening of May 28, 1986, a Wednesday, Sabrina began experiencing abdominal pains. Nonetheless, she attended her high school graduation. Upon returning home, Sabrina's pain intensified. Mrs. Matthews took her daughter to the hospital emergency room, where suppositories were prescribed for nausea.
The following day (Thursday), Sabrina continued to hurt. On Friday morning, Mrs. Matthews, assisted by neighbors, took Sabrina back to the emergency room. Dr. Ward Turner administered Demoral, a pain-killer, and mistakenly diagnosed Sabrina's condition as a urinary tract infection. He prescribed an antibiotic drug for the infection and another drug for diarrhea.
Mrs. Matthews testified that her daughter continued to suffer. On Saturday morning, she telephoned Dr. Turner and told him that Sabrina was still ill and that her vomit was black. Dr. Turner advised Mrs. Matthews to stop administering the antibiotic and diarrhea medicine and to give Sabrina some Gatorade. Mrs. Matthews obtained Gatorade but Sabrina had no appetite for anything to either drink or eat.
Sabrina's condition did not improve and she died early Sunday morning, at approximately 7:15 a.m. The cause of death, according to the coroner, was acute suppurative appendicitis with generalized peritonitis.
From the time of the tort (the doctor's erroneous diagnosis) until Sabrina's death, she lived slightly less than 48 hours.
Mrs. Matthews, a widow, worked hard to support her family, at janitorial and domestic jobs. She and Sabrina had a close, loving relationship. One witness testified that Mrs. Matthews was "devastated" by her daughter's death and no doubt this was true, considering other testimony and evidence. Sabrina planned to get a college education and then good employment so that her mother wouldn't have to labor so long and arduously.
We will now consider the amounts awarded to Mrs. Matthews, bearing in mind the standard of review annunciated by the Supreme Court of Louisiana in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), and other cases including Reck v. Stevens, 373 So.2d 498 (La.1979). An appellate court should not disturb a trial court award unless convinced that the record shows a clear abuse of discretion. Only after making such a finding can the reviewing court change an award. The award should then be lowered (or raised) to the highest (or lowest) point which is reasonably within the trier of fact's broad discretion. This presents obvious problems, as stated in the Reck dissent at page 507.
We find the $200,000.00 awarded for Sabrina's physical and mental pain and suffering to be beyond the jury's discretion. Sabrina did not, as suggested by appellant, rest under sedation for many hours and then die quietly in her sleep. She was in pain, often severe abdominal pain, and Mrs. Matthews should be fairly compensated for this. Mrs. Matthews cites Anthony v. Hospital Service District No. 1, 477 So.2d 1180 *135 (La.App. 1 Cir.1985), wherein $10,000.00 was awarded to each surviving parent for pain and suffering of their child for one hour prior to his death in a hospital emergency room. Using this formula, Mrs. Matthews would be paid close to $480,000.00 for Sabrina's pain and suffering.
Courts cannot, of course, mechanically adhere to prior quantum verdicts. Here, a reasonable award for Sabrina's physical pain and mental suffering would not exceed $50,000.00. We are unaware of any award beyond this for pain and suffering of such a relatively short duration. No comparable awards exceeding $50,000.00 have been cited for us.
We are mindful that this reduction is to a degree arbitrary; however, we find $50,000.00 to be the most that could have been awarded for the type of pain and suffering endured by Sabrina for nearly 48 hours. While we are not totally convinced that the reduced amount is appropriate, we are firmly of the opinion that the $200,000.00 awarded for Sabrina's pain and suffering was excessive and should be lowered.
The other awards to Mrs. Matthews $150,000.00 for loss of love and affection and $50,000.00 for mental anguish as a close witness to Sabrina's demise and deathare arguably high but we cannot say that they constituted an abuse of the jury's discretion. Surviving parents are often awarded $100,000.00 and above in wrongful death actions while an award for seeing a child or close relative suffer or perish is now mandated by Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). The extent of an award authorized by Lejeune is now uncertain; however, Mrs. Matthews' despondent plight during Sabrina's fatal illness is well documented in the record. We hesitate to modify this award, there being no judicial guidelines.
The final award to Mrs. Mathews, $4,745.45 for funeral expenses, was not challenged as of appeal.
With the exception noted herein, we affirm the jury awards to Mrs. Matthews with the compensation fund to bear costs of this appeal.
AMENDED IN PART, OTHERWISE AFFIRMED.