676 So.2d 761 (1996)
Geraldine LaCOUR, Plaintiff-Appellee,
v.
SAFEWAY INSURANCE COMPANY, et al., Defendants-Appellants.
No. 96-61.
Court of Appeal of Louisiana, Third Circuit.
June 19, 1996.
*762 Robert Stuart Wright, Natchitoches, for Geraldine LaCour.
James Brady, Lafayette, for Safeway Insurance Co., et al.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
Safeway Insurance Company appeals a trial court judgment in favor of Geraldine LaCour in an action for damages based on La.Civ.Code art. 2315.6. The trial court concluded that Ms. LaCour's three minor children, who witnessed the injury and death of their father resulting from an automobile accident, are entitled to damages for the mental anguish or emotional distress they suffered.

FACTS
The parties do not dispute the facts concerning how the accident occurred. On December 4, 1993, Shirley Smith was operating a 1979 Lincoln Towncar automobile owned by Louis LaCour III in a southerly direction on Louisiana Highway 71 in Natchitoches Parish, Louisiana. Mr. Louis LaCour III and his three minor children, Jacque LaCour, Joshua LaCour and Caleb LaCour, were riding as guest passengers in the automobile owned by their father and operated by Ms. Smith. Ms. LaCour is Mr. LaCour's former wife and the mother of the three minor children.
When Ms. Smith lost control of the vehicle, it left the roadway and struck a large tree. Ms. Smith died at the scene. Mr. LaCour, who was riding in the front passenger's seat, was thrown from the vehicle. The three children, who were all under the age of ten at the time of this accident, saw their father ejected from the car and lying on the ground covered in blood. One of the children told his mother that his father appeared dead, although he was not. Thereafter, while hospitalized, Mr. LaCour died as a result of his injuries. The three children suffered minor bumps and bruises.
Ms. LaCour filed suit on May 29, 1994. At a pre-trial conference, it was stipulated that Safeway provided insurance coverage in the amount of $10,000.00 per person and $20,000.00 per occurrence. A bench trial was held on the matter on July 27, 1995. Prior to trial, Safeway and Ms. LaCour settled the children's personal injury claims in the amount of $5,000.00. Safeway also paid $10,000.00 to settle the wrongful death and survival action claims related to the death of Louis LaCour III. Thus, the only issue at trial and on appeal is whether Louis LaCour's three minor children suffered severe and debilitating psychological damage sufficient to allow recovery pursuant to La.Civ. Code art. 2315.6. The trial judge reasoned that "[b]ecause of the close relationship between the three children and their father, these children are entitled to Lejeune damages." We agree and affirm.

LAW AND DISCUSSION
Safeway appeals from the adverse judgment assigning as the sole specification of error the trial court's award of damages for mental pain and suffering to the three minor children in the amount of $1,666.66 each. Safeway argues that Jacque, Joshua and Caleb are not entitled to damages because Ms. LaCour failed to prove that their mental distress was "severe, debilitating and foreseeable," factors that must be present in order for the children to recover for injury to another. Ms. LaCour contends that the award is proper.
In 1990, the Louisiana Supreme Court overruled prior jurisprudence and allowed one to recover for mental anguish caused by injury to another in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). In response to the Lejeune decision and its progeny, the legislature by Acts 1991, No. 782, Sec. 1 enacted La.Civ.Code art. 2315.6, which provides as follows:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:

*763 (1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren or the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
Article 2315.6 deals solely with bystander recovery and does not interfere with traditional theories of negligent infliction of emotional distress. In the present case, we must decide whether Louisiana law permits recovery for Jacque, Joshua and Caleb's mental anguish and emotional distress.
Safeway contends that Jacque, Joshua and Caleb are not entitled to damages under La.Civ.Code art. 2315.6 because there was insufficient evidence to show that they sustained a "severe and debilitating" emotional injury as a result of witnessing their father being ejected from the vehicle, thrown to the ground and bleed profusely. "Serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." Lejeune, 556 So.2d at 570. A list of examples of serious emotional distress includes, but is not limited to, "neuroses, psychoses, chronic depression, phobia, and shock." Id.
In Blair v. Tynes, 621 So.2d 591 (La.1993), the supreme court held that the burden of proving damages for mental anguish under the bystander recovery rule was met by a pedestrian's husband who saw his wife struck and killed by an automobile without presenting proof of a clinical diagnosis. The court noted that the husband, prior to the accident, led an active life and had a good employment record. However, the court further noted that after the accident the husband became withdrawn, introverted and did not work.
In Price v. Louisiana Department of Transportation and Development, 608 So.2d 203 (La.App. 4 Cir.1992), writ application withdrawn, 613 So.2d 985 (La.1993), the court affirmed an award of Lejeune damages to the wife and son of a man who was struck, verbally assaulted and wrongfully arrested by a police officer. The son, unlike his mother, witnessed the officer strike his father, heard the verbal assaults, and witnessed the officer take his father away. The court noted that it was "reasonably foreseeable that a minor child with Down's syndrome who had witnessed such a traumatic event ... would suffer emotional stress beyond mere mental pain and anguish." The court further noted that after the incident the son became violent and aggressive whenever he saw a police officer in uniform and experienced behavioral problems in school. In Matthews v. Turner, 566 So.2d 133 (La.App. 5 Cir.), writ denied, 571 So.2d 645 (La.1990), the court of appeal acknowledged the uncertainty of the extent of an award under Lejeune, but noted that the mother's despondence, during the fatal illness of her daughter, was documented.
The record in this case contains the testimony of Ms. LaCour, the mother of the three children. Her testimony reveals that the children had a good relationship with their father although Mr. and Ms. LaCour were divorced. Ms. LaCour testified that she and her former husband maintained good lines of communication and that Mr. LaCour saw the children at least every other weekend. On the day of the accident, Mr. LaCour and the three children were supposed to meet Ms. LaCour and their two other children at the Natchitoches Christmas Festival to watch the fireworks. Mr. LaCour and the children never arrived. After the fireworks, while mingling in the crowd, Ms. LaCour ran into a friend who was a police officer. The officer informed Ms. LaCour about Mr. LaCour's *764 accident. Ms. LaCour testified that the boys described what happened during and immediately following the accident.
The children told Ms. LaCour that Ms. Smith screamed, then suddenly stopped. They saw their father thrown from the car and bleed from his mouth. They told their mother that their father looked dead. Ms. LaCour testified about how the incident affected the boys emotionally. She testified that the boys had trouble sleeping. They would sleepwalk and cry in their sleep. The children seemed restless and experienced nightmares. One of the boys had a dislike of the color red because that was the color on his father. Two of the children, Jacque and Joshua, who were in first grade at the time of the incident, had to repeat that year of school. Ms. LaCour stated that at the beginning of the year, the boys had no problems in school. Both Jacque and Joshua have done better in school a year since the accident and are on the honor roll. On cross examination, Ms. LaCour acknowledged that the two children who were not involved in the accident, suffered as much emotional distress as the three children who were involved in the accident. However, Ms. LaCour explained that her daughter felt guilty about her father's death because at the last minute she decided not to ride with her father and Ms. Smith to the festival.
After the accident, the children were alone. Two of the children were only in first grade and the third child was below school age. They saw their father thrown from the car and heard the screams of his companion. The two adults in whose care Ms. LaCour entrusted the children, lay deathlike on the highway. Ms. Smith was dead and to the children, Mr. LaCour looked dead. Their father's body was covered in blood. Safeway makes much of the fact that the children were not seen by a mental health professional; however, the supreme court made clear in the Blair case that proof of a clinical diagnosis of mental anguish is not necessary to prove entitlement to recovery under La.Civ. Code art. 2315.6.
After reviewing the record in the instant case, and the criteria required to prove one's entitlement to damages under La.Civ.Code art. 2315.6, we conclude that Ms. LaCour's three children, Jacque, Joshua and Caleb, are entitled to damages for mental anguish. It is reasonably foreseeable that minor children of such tender age who witnessed such a traumatic event involving their father would suffer emotional distress beyond the mere mental pain and anguish normally associated with the death of a parent. See Dixon v. Mid-South Rail Corp., 580 So.2d 438, 442 (La.App. 2 Cir.) (where the court of appeal upheld the award of Lejeune damages based upon the psychological and emotional distress suffered by the plaintiff when, as a passenger in an automobile driven by her son, she witnessed her son's death when the automobile collided with a train), writ denied, 584 So.2d 1160 (La.1991).

CONCLUSION
For the foregoing reasons, the judgment of the trial court, awarding each of the three children the amount of $1,666.66 for mental anguish plus interest from the date of judicial demand and all costs, is affirmed. Costs of this appeal are assessed against Safeway.
AFFIRMED.