750 So.2d 432 (2000)
James A. DICKERSON, et al., Plaintiffs-Appellees,
v.
David LAFFERTY, et al., Defendants-Appellants.
No. 32,658-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
*433 Casten & Pearce by Alan T. Seabaugh, Shreveport, Counsel for State Farm Mutual Automobile Insurance Company.
Ronald J. Miciotto, Shreveport, Counsel for Normand Dickerson.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a judgment by the trial court awarding Plaintiff, Normand Dickerson, on behalf of his minor son, Stephen Dickerson ("Stephen"), the sum of $52,500 in general damages and $1,329.25 in special damages, payable by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), Plaintiff's uninsured motorist carrier.[1] State Farm has appealed the general damage award as excessive, citing evidentiary errors on the part of the trial court. For the reasons stated herein, we amend the judgment and, as amended, we affirm.

FACTS AND PROCEDURAL HISTORY
On August 29, 1995, Stephen's grandmother, Maxine Dickerson, was fatally injured in an automobile accident on Louisiana Highway 1 in Caddo Parish. Stephen, who was seven years old at the time, was a guest passenger in the vehicle and suffered only minor physical injuries. He was able to exit the vehicle, but Mrs. Dickerson was trapped in the vehicle for some time. Stephen testified that he tried, but was unable to help his grandmother, who passed away later that evening at Louisiana State University Medical Center. The driver of the other vehicle was killed on impact.
The primary focus of Plaintiff's claim is Stephen's emotional trauma as a result of the accident. Following the accident, Stephen suffered from nightmares, had difficulty sleeping and became agitated while riding in a car. Stephen began treatment with Dr. Lisa Harper, a psychologist, who testified in deposition that Stephen had symptoms consistent with post-traumatic stress disorder. She further testified that Stephen was suffering from a great deal of guilt over his grandmother's death. Mrs. Dickerson had taken Stephen to his pediatrician in Shreveport that day and they were returning home when the accident occurred. Dr. Harper testified that Stephen told her the accident was his fault because they would not have been there at the time of the accident had his grandmother not been taking him to his doctor. After Stephen's second visit with Dr. Harper, *434 however, Stephen expressed to his father that he did not wish to continue the treatment. Mr. Dickerson testified that he believed Stephen had been through enough and did not want to force him to continue the sessions if they were emotionally painful for him. Mr. Dickerson made the decision to discontinue any further medical treatment on Stephen's behalf. By the time of trial, Stephen's difficulty sleeping seemed to have been resolved, but his agitation while riding in a car continued to persist.

DISCUSSION
In its first assignment of error, State Farm complains that the evidence presented at trial does not support the general damage award. The award stems from La. C.C. art. 2315.6, a codification of Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), which provides as follows:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
* * *
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
State Farm asserts that Plaintiff failed to show that Stephen suffered from severe, debilitating and foreseeable emotional distress.
In its written reasons for judgment, the trial court stated that it was foreseeable that a grandchild who enjoys a close relationship with his grandmother would suffer emotional trauma having to witness the fatal injury of that grandparent. We agree and further find that the emotional distress was severe and debilitating enough to warrant an award of general damages.
Severe and debilitating emotional distress need not be proven by clinical diagnosis in order for a claimant to recover related damages. Declouet v. Orleans Parish School Bd., 96-2805 (La.App. 4th Cir.6/3/98), 715 So.2d 69. Although Dr. Harper did not give a diagnosis, she indicated that Stephen was overwrought with guilt because he believed his grandmother's death was his fault. Both Plaintiff and Stephen's grandfather testified regarding Stephen's nightmares, the agitation he experienced while riding in a vehicle and the fact that he had become very particular about with whom he would ride in a vehicle.
Although we do agree that Stephen is entitled to compensation for his emotional distress, we disagree with the amount awarded by the trial court. Stephen saw Dr. Harper on only two occasions and significant improvement in Stephen's condition was noted by Dr. Harper on the second visit. Stephen did not undergo any further medical treatment following that second visit with Dr. Harper. Stephen also testified that his sleep disturbances had been resolved by the time of trial.
The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. La. C.C. art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 *435 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. DeYoung v. Simons, 32,378 (La.App.2d Cir.10/27/99), 743 So.2d 851; Dixon v. Tillman, 29,483 (La.App.2d Cir.5/7/97), 694 So.2d 585, writ denied, 97-1430 (La.9/19/97), 701 So.2d 174. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact. Manuel v. State Farm Mut. Auto. Co., 30,765 (La.App.2d Cir.8/19/98), 717 So.2d 277.
In examining the case sub judice in a light most favorable to Plaintiff, we cannot say that the record supports a finding that a child suffering from guilt and trauma which is manifested in nightmares and agitation warrants an award of $52,500 in general damages. In making a comparison with other similar cases, we find the highest amount that could reasonably have been awarded is $15,000. See Griffin v. International Ins. Co., 98-431 (La.App. 3d Cir.10/7/98), 727 So.2d 485, writ denied, 99-C-0854 (La.5/7/99), 741 So.2d 656; LaCour v. Safeway Ins. Co., 96-61(La.App. 3d Cir. 6/19/96), 676 So.2d 761; Davis v. State of Louisiana, Department of Transportation and Development, 94-308 (La.App. 3d Cir.12/7/94), 647 So.2d 552; Vidrine v. Government Employees Insurance Co., 528 So.2d 765 (La.App. 3d Cir.1988), writ denied, 532 So.2d 156 (La. 1988); Demery v. Housing Authority of New Orleans, 96-1024 (La.App. 4th Cir.2/12/97), 689 So.2d 659; Barnes v. Bott, 615 So.2d 1337 (La.App. 4th Cir.1993), writ denied, 93-C-1075 (La.6/4/93), 619 So.2d 546. We, therefore, amend the award of general damages on Stephen's behalf to reduce the amount to $15,000.
State Farm's second assignment of error complains that the trial court erred in allowing evidence of Stephen's close relationship with his grandmother on the grounds that such evidence is not relevant to a claim for damages under La. C.C. art. 2315.6, but only to a claim of wrongful death under La. C.C. art. 2315.2. We find no merit to this argument. We believe that the relationship Stephen shared with his grandmother is highly relevant to a claim under La. C.C. art. 2315.6 because, without such a relationship, Stephen would not have suffered guilt and anguish over his grandmother's death which manifested in severe and debilitating emotional distress.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to reduce the general damage award of $52,500 to Plaintiff, Normand Dickerson, on behalf of his minor son, Stephen Dickerson, to the sum of $15,000. As amended, the judgment is affirmed. All costs of this appeal are assessed equally to both parties.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Since all other claims associated with the accident were settled, the award is subject to a credit for any amounts paid by any underlying insurer.